Howard J. Steinberg (SBN CA 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
steinbergh@gtlaw.com

Michael Hogue (SBN CA 272083)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: 415.655.1300
Facsimile: 415.707.2010
hoguem@gtlaw.com

Attorneys for Plaintiff
HSBC BANK USA, NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>HOME FURNITURE INTERNATIONAL, LLC, a California limited liability company; HOMEGOODS MANIA, LLC, a California limited liability company; CONSOLIDATED ASIAN PRODUCTS IMPORTS, LLC formerly known as CAP EXPORT, LLC, a California limited liability company; and ABRAHAM AMOUYAL, an individual,<br><br>Defendants. | CASE NO.: _____<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **JUDICIAL FORECLOSURE OF PERSONAL PROPERTY SECURITY INTERESTS;**<br>3. **CLAIM AND DELIVERY;**<br>4. **BREACH OF CONTRACT OF GUARANTY** |

COMPLAINT

Plaintiff HSBC Bank USA, National Association ("Plaintiff" or "HSBC") brings this action against Home Furniture International, LLC; Homegoods Mania, LLC; Consolidated Asian Products Imports, LLC formerly known as Cap Export, LLC ("Cap Export, LLC") (collectively, "Debtors"); Abraham Amouyal ("Amouyal"); and DOES 1-20. HSBC makes the following allegations based upon personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1. HSBC, a national banking association, brings this action against Defendants for Breach of Contract, Judicial Foreclosure of Personal Property Security Interests, Claim and Delivery, and Breach of Contract of Guaranty arising from Debtors' default on their obligations to make payments under a Loan Agreement dated April 30, 2018 and amended from time to time thereafter, and Defendant Amouyal's default on his personal Guaranty of said Loan Agreement dated March 8, 2019.

## PARTIES

2. Plaintiff HSBC is, and at all relevant times was, a national banking association organized under federal law with its main office located in McLean, Virginia.

3. HSBC is informed and believes, and thereon alleges, that Defendant Home Furniture International, LLC is, and at all relevant times was, a limited liability company organized and existing under and by virtue of the laws of the State of California. Home Furniture International, LLC is engaged in the wholesale furniture business. Its principal place of business is 3030 S. Atlantic Blvd, Vernon, CA 90058 and its sole manager and member is Defendant Amouyal, who is a California citizen.

4. HSBC is informed and believes, and thereon alleges, that Defendant Homegoods Mania, LLC is, and at all relevant times was, a limited liability company organized and existing under and by virtue of the laws of the State of California. Homegoods Mania, LLC is engaged in the wholesale home goods business. Its principal place of business is 3030 S. Atlantic Blvd, Vernon, CA 90058 and its sole manager and member is Defendant Amouyal, who is a California citizen.

5. HSBC is informed and believes, and thereon alleges, that Defendant Cap Export, LLC is, and at all relevant times was, a limited liability company organized and exiting under and by virtue of the laws of the State of California. Cap Export, LLC is engaged in the wholesale home goods business. Its

principal place of business is 3030 S. Atlantic Blvd, Vernon, CA 90058 and its sole manager and member is Defendant Amouyal, who is a California citizen.

6. HSBC is informed and believes, and thereon alleges, that Defendant Amouyal is, and at all times referred to herein was, a resident of the State of California.

7. HSBC is informed and believes, and thereon alleges that Defendant Amouyal is, and at all times referred to herein was, the sole member and manager of Defendants Home Furniture International, LLC, Homegoods Mania, LLC, and Cap Export, LLC.

8. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendants, and each of them, were acting as agents, servants, employees, joint venturers, alter egos, or representatives of each other, and were acting within the full course and scope of their agency, employment and joint venture with the full knowledge, consent, permission, acquiescence and ratification, either express or implied, of each of the other defendants in performing the acts alleged in this Complaint.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant Home Furniture International, LLC because it is registered under the laws of California, conducts business in California, and has its principal place of business in this district.

11. This Court has personal jurisdiction over Defendant Homegoods Mania, LLC because it is registered under the laws of California, conducts business in California, and has its principal place of business in this district.

12. This Court has personal jurisdiction over Defendant Cap Export, LLC because it is registered under the laws of California, conducts business in California, and has its principal place of business in this district.

13. This Court has personal jurisdiction over Defendant Amouyal because he is a citizen and resident of the State of California.

14. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391 because all Defendants are residents, are domiciled or have their principal place of business within the district, and because it is the district where the substantial majority of the events giving rise to these claims occurred.

## CLAIM I
### Breach of Contract: Revolving Demand Note
**(Against Defendants Home Furniture International, LLC, Homegoods Mania, LLC and Cap Export, LLC)**

15. HSBC realleges and incorporates herein by reference each of the allegations contained in all preceding paragraphs.

16. Debtors are engaged in, among other things, the wholesale furniture and home goods business. Debtors financed their business operations with a loan from HSBC as described below.

17. On or about April 30, 2018, HSBC and Debtors entered into a Revolving Demand Note in the original principal amount of $5,000,000.00 (the "Note"), a copy of which is attached hereto as Exhibit A and incorporated herein by this reference. Since that time, the Note has been amended, modified, restated or replaced on multiple occasions. For example, on or about September 6, 2018, the parties entered into an Amended and Restated Revolving Demand Note in the principal amount of $8,000,000.00, a copy of which is attached hereto as Exhibit B and incorporated herein by this reference. On November 18, 2018, the Note was amended once again to raise the principal amount to $10,000,000.00, a copy of which is attached hereto as Exhibit C and incorporated herein by this reference. Most recently, on March 8, 2019, the Note was amended yet again to raise the principal amount to $15,000,000.00, a copy of which is attached hereto as Exhibit D and incorporated herein by this reference.

18. In connection with the Note, HSBC and Debtors entered into a Line Letter on or about April 30, 2018, a copy of which is attached hereto as Exhibit E and incorporated herein by this reference, which has been amended, modified, restated or replaced from time to time, including by certain Amended and Restated Line Letters dated September 6, 2018, November 18, 2018, and March 8, 2019, copies of which are attached hereto as Exhibits F, G, and H, respectively, and incorporated herein by this reference.

19. Additionally, on or about April 30, 2018, Defendants executed a Security Agreement in favor of HSBC. Pursuant to the Security Agreement, and in consideration for HSBC's extension of credit and other financial accommodations, Debtors granted HSBC a security interest in the form of a lien on

and pledge of assignment of each Debtor's present and future right, title and interest in any and all of the Debtor's personal property.

20. The terms of the current loan agreement between HSBC and Debtors are reflected in the Amended and Restated Revolving Demand Note dated March 8, 2019, and the Amended and Restated Line Letter dated March 8, 2019 and various other documents relating thereto. Exhibits A-H are collectively referred to as the "Loan Agreement").

21. The Loan Agreement, and all other obligations owed to HSBC, are secured by a pledge of Debtors' collateral. The terms of the pledge are reflected in the security agreement (the "Security Agreement") dated April 30, 2018, a copy of which is attached hereto as Exhibit I and incorporated herein by this reference.

22. Debtors have been in default under the Loan Agreement. These breaches include, but are not limited to: (a) Debtors' failure to make pay payments that became due on or about August 31, 2019; (b) Debtors' failure to provide all monthly financial reporting; (c) Debtors' failure to provide borrower base certificates; (d) Debtors' failure to provide insurance certificates; (e) Debtors' failure to permit inspection of Debtors' books and records; (f) Debtors' failure to permit a field examination to inspect and verify the collateral; (g) Debtors' failure to eliminate a continuing overadvance under the Loan Documents; and (h) Debtors' failure to provide required financial statements.

23. On or about March 13, 2020, HSBC issued a Default Notice to Debtors advising that Debtors had been in default since on or about August 31, 2019, however, HSBC would refrain from exercising its immediate demand and acceleration rights provided that Debtors comply with certain terms and conditions. Those conditions included, among other things, that Debtors on or before March 20, 2020 bring and keep all payments due under the Loan Agreement current and deliver updated financial reports to HSBC.

24. Debtors thereafter failed to satisfy any of the terms and conditions set forth in the Default Notice by March 20, 2020, at which time HSBC exercised its rights and accelerated the full amount of the debt.

25. HSBC has performed each and every obligation to be performed by it under the Loan Agreement.

26. As detailed herein, Debtors defaulted on their obligations under the foregoing Loan Agreement in that, among other things, they have failed to make payments of principal and interest due on the obligations and failed and refused to timely provide HSBC with updated financial records.

27. HSBC made demand upon Debtors for payment of its obligations. Despite that demand, Debtors have failed and refused to repay the debt owing to HSBC.

28. As a result of the defaults of Debtors on their obligations under the terms of the Loan Agreement, HSBC elected to declare all of the obligations of Debtors to HSBC immediately due and payable, pursuant to the express provisions of the Loan Agreement.

29. HSBC has retained the services of Greenberg Traurig, LLP for the purposes of (i) obtaining payment of amounts due to HSBC pursuant to the Loan Agreement; and (ii) protecting and enforcing its rights under the Security Agreement and has incurred and will continue to incur attorneys' fees as a result thereof. Said agreements provide that HSBC is entitled to recover attorneys' fees expended in connection with the enforcement of its rights and remedies. Accordingly, HSBC seeks recovery of all of its attorneys' fees, costs and expenses incurred herein, according to proof.

30. By reason of the foregoing, as of August 19, 2020, HSBC has been damaged in the sum of at least $13,136,550.80, plus all interest, costs and expenses that accrue subsequent to that date, plus HSBC's attorneys' fees, costs and expenses.

**CLAIM II**
**Judicial Foreclosure of Personal Property Security Interest**
**(Against Defendants Home Furniture International, LLC, Homegoods Mania, LLC and Cap Export, LLC)**

31. HSBC realleges and incorporates herein by reference each of the allegations contained in all preceding paragraphs.

32. HSBC desires that its security interest in the collateral described in the Security Agreement, be foreclosed and that said collateral be sold at public sale by the Sheriff of Los Angeles County, with the proceeds of said sale to be applied to the satisfaction of the judgment rendered herein; and that HSBC recover a deficiency judgment against Debtors for any balance remaining after the sale of said collateral, as provided for in § 9601, *et seq.* of the California Commercial Code. Nothing set forth herein constitutes a waiver of HSBC's right to proceed by a non-judicial foreclosure sale as provided in the California Commercial Code.

## CLAIM III
### Claim and Delivery
### (Against Defendants Home Furniture International, LLC, Homegoods Mania, LLC and Cap Export, LLC)

33. HSBC realleges and incorporates herein by reference each of the allegations contained in all preceding paragraphs.

34. As a result of the foregoing, Debtors have breached their obligations under the Loan Agreement, entitling HSBC to possession of the collateral described in said Security Agreement.

35. Despite HSBC's demand therefore for access to the collateral, Debtors have wrongfully failed and refused to deliver possession of said collateral to HSBC and continue to remain in possession of said collateral.

36. HSBC is informed and believes, and thereon alleges, that the present value of collateral described in the foregoing Security Agreement is less than $7 million.

## CLAIM IV
### Breach of Contract of Guaranty
### (Against Defendant Amouyal)

37. HSBC realleges and incorporates herein by reference each of the allegations contained in all preceding paragraphs.

38. On or about March 8, 2019, in connection with HSBC's agreement to raise the Note's principal amount to $15,000,000.00, Defendant Amouyal made, executed and delivered, for valuable consideration, to HSBC a Limited Guaranty (the "Guaranty") which absolutely and unconditionally guaranteed the full and punctual payment to HSBC of all sums, up to $5,000,000.00, owed to HSBC by Debtors under the Loan Agreement, a copy of which is attached hereto as Exhibit J and incorporated herein by this reference.

39. HSBC has performed each, every and all of the obligations to be performed by it under the foregoing Guaranty.

40. Defendant Amouyal breached his obligations under the foregoing Guaranty by, among other things, failing to pay the HSBC the then outstanding indebtedness owing by Debtors and failing to deliver personal financial statements as required.

///

41. Despite HSBC's demand therefor, Defendant Amouyal has failed and refused to pay to HSBC the sums due to HSBC under the foregoing Guaranty, or any part thereof.

42. The Guaranty provides, among other things, that Defendant Amouyal shall be responsible for, without limitation, all costs, expenses, and attorneys' fees incurred by HSBC in enforcing its rights thereunder. HSBC seeks recovery of all such costs, expenses, and attorneys' fees incurred herein, according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

**CLAIM I**

1. For damages in a sum not less than $13,136,550.80, plus additional fees, costs, and accrued interest until paid, according to proof;

**CLAIM II**

2. That a decree be made for the sale of the personal property that is the subject of this action or so much thereof as may be necessary, by the Sheriff of the County of Los Angeles or by any other appropriate authority appointed by this Court, with the proceeds of said sale to be applied in payment of the sums found due and owing to HSBC'

**CLAIM III**

3. That Debtors be ordered to assemble and deliver to HSBC immediate possession of the personal property described in the Security Agreement; and

4. That, in the event said collateral cannot be delivered to HSBC, HSBC have judgment against Debtors for the value thereof;

**CLAIM IV**

5. For damages in a sum not less than $5,000,000.00, plus accrued interest until paid, according to proof;

**AS TO ALL CLAIMS**

6. For interest from the day the damages are found to be owing;

7. For all costs incurred, including reasonable attorneys' fees; and

8. For such other and further relief as the Court deems just and proper.

DATED: September 11, 2020          GREENBERG TRAURIG, LLP

By _____
    Howard J. Steinberg
    Michael Hogue
    Attorneys for Plaintiff HSBC BANK USA,
     NATIONAL ASSOCIATION